**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Priority ____
Send ____
Enter ____
Closed ____
JS-5/JS-6 ____
Scan Only ____

**CASE NO.:** CV 10-04150 SJO          **DATE:** July 8, 2010

**TITLE:** West Valley Caregivers, et al. v. City of Los Angeles

========================================================================
**PRESENT: THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE**

Victor Paul Cruz                                Not Present
Courtroom Clerk                                 Court Reporter

**COUNSEL PRESENT FOR PLAINTIFFS:**         **COUNSEL PRESENT FOR DEFENDANT:**

Not Present                                     Not Present

========================================================================
**PROCEEDINGS (in chambers):**
ORDER DENYING PLAINTIFFS' EX PARTE APPLICATION FOR A TEMPORARY RESTRAINING ORDER
[Docket No. 3]

      This matter is before the Court on Plaintiffs West Valley Caregivers, Royal Herb Merchant, Little Ethiopia's Herbal Healing Center, Hollywoods Compassionate Caregivers, Los Angeles Medical Collective, Infinity Philanthropy Global d.b.a. Alleviations, Pacoima Recovery Collective, Inc., Herbal Love Caregivers on the Boulevard, Café 420, Helping Hint Caregivers, Traditional Herbal Center, Inc. Collective Caregivers, T.L.P.C., LAHC 3 Collective, and Universal Caregivers, Inc.'s (collectively, "Plaintiffs") Ex Parte Application for a Temporary Restraining Order ("TRO Application"), filed June 4, 2010.[1]  Defendant City of Los Angeles ("the City") filed an Opposition.  For the following reasons, Plaintiffs' TRO Application is DENIED.

    I.    BACKGROUND

      Plaintiffs are private member associations limited to qualified patients and primary caregivers of qualified patients who reside in California. (Compl. ¶¶ 10-23.)  Plaintiffs operate marijuana collectives and provide their members an arena to make available cultivated marijuana. (Compl. ¶¶ 10-23.)

---

[1] Plaintiffs' Ex Parte Application for a Temporary Restraining Order fails to comply with Local Rule 11-3.1.1, as the type font used by Plaintiffs is smaller than size the required 14point font.  While the Court may deny Plaintiffs' TRO Application for failure to comply with the Local Rules, the Court declines to do so.  However, both parties are ordered to comply with the Court's Initial Standing Order and the Local Rules for all future filings.  Failure to do so may result in the Court declining to consider the filing.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

CASE NO.: CV 10-04150 SJO                    DATE: July 8, 2010

A. Relevant Legislation and Ordinances

Proposition 215, known as the Compassionate Use Act of 1996 ("CUA"), was passed by California voters on November 4, 1996, and allows that qualified Californians have the right to obtain and use marijuana for medicinal purposes. (Compl. ¶ 24.) In 2003, the California Legislature enacted Senate Bill 420, also known as the Medical Marijuana Program Act ("the MMPA"), which implemented the CUA. (Compl. ¶ 25.) Plaintiffs allege that their marijuana collectives were formed in the City of Los Angeles pursuant to the MMPA. (Compl. ¶ 26.) The City passed Ordinance 179027, a zoning ordinance, that provided that for a period of one year from the effective date of the ordinance no person or entity could establish or operate a medical marijuana dispensary. (Comp. ¶ 28.) However, Ordinance 179027 provided an exception for medical marijuana dispensaries that were established prior to the effective date of the ordinance and if the owners and operators of said dispensaries complied with specific requirements, including registering with the City. (Compl. ¶ 29.) Ordinance 179207 was effective beginning September 13, 2007, and 181 dispensaries complied with registration requirements and were allowed to operate. (Compl. ¶ 30.) Subsequently, Ordinance 179207 was extended to allow additional dispensaries to register with the City. (Compl. ¶¶ 31-37.) On January 26, 2010, the Los Angeles City Council voted and passed Ordinance 181069, which modifies the requirements for owning and operating a marijuana collective, and additionally makes distinctions between which operating dispensaries may apply for registration. (Compl. ¶¶ 39-46.) However, Ordinance 181069 was not effective until June 7, 2010. As a result of Ordinance 181069, the collectives that operated pursuant to Ordinance 179027 had from June 7, 2010 to June 14, 2010 to submit a request to operate and obtain exemption from civil and criminal enforcement action against their organization. (Compl. ¶ 49.) Nonetheless, Plaintiffs allege that they were prevented from applying for registration under the new requirements as a result of the distinctions created by Ordinance 181069. (Compl. ¶ 52.)

B. The Instant Litigation

On June 4, 2010, Plaintiffs filed the instant litigation alleging claims for: (1) violation of the equal protection clause of the Fourteenth Amendment of the United States Constitution; (2) deprivation of property without due process of law in violation of both the Fifth and Fourteenth Amendments; and (3) violation of 42 U.S.C. § 1983 for Fifth and Fourteenth Amendment violations. In addition to filing their Complaint, Plaintiffs filed the instant Ex Parte Application for a Temporary Restraining Order, requesting that the Court enjoin Ordinance 181069 from taking effect on June 7, 2010.

C. Similar State Court Proceedings

In anticipation of Ordinance 181069 taking effect on June 7, 2010, numerous medical marijuana collectives filed applications for temporary restraining orders in the Los Angeles

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

**CASE NO.:** CV 10-04150 SJO                    **DATE:** July 8, 2010

Superior Court, on June 4, 2010, that raised identical issues to those brought before the Court in the instant litigation.

Los Angeles Superior Court Judge James C. Chalfant ("Judge Calfant") held a lengthy hearing to address the numerous applications for temporary restraining orders filed in the Los Angeles Superior Court. Judge Chalfant concluded that even though the plaintiffs before him had shown that they would suffer irreparable harm if their dispensaries were shut down, the issuance of temporary restraining orders was not appropriate. Judge Chalfant reasoned that the plaintiffs had not established that they were likely to succeed on the merits of their claim for deprivation of property without due process of law. (Def.'s Opp'n to Pls.' TRO App. ("Def.'s Opp'n") 6-8; Transcript of Proceedings in Dept. 85, Los Angeles Superior Court, June 4, 2010 ("Transcript"), at 51.) However, Judge Chalfant issued an order to show cause regarding the plaintiffs' equal protection claim, reasoning that the equal protection arguments had not been fully briefed by either side. (Transcript, at 51.) Judge Chalfant set a date of July 13, 2010 for the hearing on the equal protection issue. (Transcript, at 52.)

Additional state court proceedings raising identical issues to those presented before the Court in the instant action and involving a subset of the Plaintiffs involved in the instant action are also presently before Los Angles Superior Court Judge Yaffe ("Judge Yaffe"). Judge Yaffe also denied the applications for temporary restraining orders presented to him. (Def.'s Opp'n 6-7.)

## II. DISCUSSION

The Court has read and considered all of the pleadings and supplemental materials filed by both Plaintiffs and the City. Additionally, the Court had thoroughly read and considered the transcript of the hearing before Judge Chalfant on June 4, 2010. The Court declines to independently address each of Plaintiffs' claims or arguments regarding the issuance of a temporary restraining order, as they are identical to those raised before the Los Angeles Superior Court. *See Younger v. Harris*, 401 U.S. 37, 44 (1971). Accordingly, Plaintiffs' Ex Parte Application for a Temporary Restraining Order is DENIED.

## III. RULING

For the foregoing reasons, Plaintiffs' Ex Parte Application for a Temporary Restraining Order is **DENIED**.

IT IS SO ORDERED.